UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISSY PARKER                                                                              PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:23-CV-28-DPJ-FKB

SOUTHERN CHARM FAMILY                                  DEFENDANTS
HEALTHCARE LLC, KELLI MARIE FOSTER,
AND CHRISTOPHER CHASE FOSTER

ORDER

Plaintiff Chrissy Parker seeks default judgment against Defendants Southern Charm Family Healthcare LLC and its owners Kelli Marie Foster and Christopher Chase Foster. Mot. [16]. As explained below, Parker's motion is granted in part as to the breach-of-contract claim but denied as to the Fair Labor Standards Act claim. The Court will allow Parker to seek leave to amend if she wishes to pursue her FLSA claim.

I.   Factual Allegations and Procedural History

Parker alleges the Fosters hired her to work as a nurse practitioner with Southern Charm on May 18, 2022, at a pay rate of $55 per hour. Parker agrees she received one paycheck for $440 for work performed between May 18 and May 27. She alleges she then worked around 222 hours between May 30 and August 8 for which she was never paid. She sued Southern Charm and the Fosters on January 13, 2023, asserting unpaid minimum wages under the FLSA and a state-law breach-of-contract claim. On July 11, 2023, Parker filed an Amended Complaint, and, on September 13, 2023, the Clerk entered Defendants' default. Parker then moved for default judgment, the Court entered an Order [17] directing her to provide more information, and Parker complied.

II.     Analysis

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  "Put another way, '[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Id.* (quoting *Nishimatsu*, 515 F.2d at 1206). And the Court may enter a default judgment only if there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.  "Thus, even if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted." *Escalante v. Lidge*, 34 F.4th 486, 493 (5th Cir. 2022).

   A.    FLSA

Starting with Parker's FLSA claim,

> to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead:  "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum] wage requirements; and (4) the amount of overtime [or minimum wage] compensation due."

*Johnson v. St. Helena Sch. Dist.*, No. 21-622, 2022 WL 3009132, at *3 (M.D. La. July 6, 2002) (quoting *Knapps v. Quality Refractory Serv., Inc.*, No. 19-13419, 2021 WL 125932, at *2 (E.D. La. Jan. 13, 2021)) (alterations in *Johnson*).  As to the second element,

> [t]he [FLSA] requires employers who meet certain preconditions to pay workers a minimum wage and provide overtime pay where workers exceed forty hours per week.  To be entitled to protection under the FLSA, an employee must demonstrate that:  (1) he or she personally engaged in commerce or the production of goods for commerce, referred to as "individual coverage" or (2) he or she worked for an enterprise engaged in such activity, known as "enterprise coverage."  The employee bears the burden of establishing entitlement to the FLSA's protections.

2

*Beaza v. Williams*, No. 18-148, 2018 WL 11323331, at *3 (W.D. Tex. July 3, 2018) (quoting *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992)) (footnotes omitted).

It did not appear to the Court that Parker pleaded any facts that would satisfy this second element.  It therefore gave her a chance to identify facts in the Amended Complaint that would "satisfy each specific requirement for either enterprise or individual coverage."  Order [17].  Parker's response indicates that she "can prove . . . that she qualified for individual coverage as she regularly used the telephone and computer information systems on the internet to engage in commerce with insurance companies across state lines."  Resp. [18] ¶ 5 (citing Parker Decl. [18-1]).  And she suggests the Court should not consider whether the Complaint contains well-pleaded allegations to support this element because "coverage under the FLSA is not jurisdictional."  *Id.* ¶ 4 (citing *Biziko v. Van Horne*, 981 F.3d 418, 419 (5th Cir. 2020)).

True enough, *Biziko* held that enterprise coverage under the FLSA is not jurisdictional.  981 F.3d at 419.  And district courts in this circuit have reached the same conclusion for individual coverage.  *See, e.g.*, *Cano v. Ron's Organics, Inc.*, No. 3:13-CV-3650-B, 2015 WL 1443077, at *2 (N.D. Tex. Mar. 30, 2015) (citing *Morrow v. J W Elec., Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *1 (N.D. Tex. Nov. 16, 2011)).  But Parker is entitled to a default judgment only if her well-pleaded allegations establish her right to relief.  *Nishimatsu*, 515 F.2d at 1206.  And nowhere in the Amended Complaint does Parker allege facts that show she personally engaged in commerce to come under the FLSA's protections.

Parker's declaration would fill that gap, so the question is whether the Court can (or should) consider it.  Federal Rule of Civil Procedure 55(b)(2) provides that, in considering a motion for default judgment, the Court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . establish the truth of any allegation by evidence[] or . . . investigate any

3

other matter." In *Nishimatsu*, the Fifth Circuit declined to decide whether "otherwise fatal defects in the pleadings might be corrected by proof taken by the court at a hearing." 515 F.2d at 1206 n.5. The *Wooten* court acknowledged this still-open question and again avoided it, holding there that because "the complaint itself met the minimum standards of Rule 8," testimony at a default-judgment hearing that merely "establish[ed] the truth of [the] allegation[s]" could be considered. 788 F.3d at 498 (referencing "the *Nishimatsu* quandary").[1]

Given the unsettled scope of Rule 55(b)(2) hearings and how easily Parker could augment her Amended Complaint, the Court finds that the pragmatic answer is to deny her motion for default judgment in part but allow her to seek leave to amend. The motion for default judgment is therefore denied as to the FLSA claim.

B.      Breach of Contract

Parker also pleads a breach-of-contract claim over which the Court has supplemental jurisdiction. To succeed on a breach-of-contract claim, a plaintiff must prove "1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it." *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012).

The Amended Complaint sufficiently alleges both elements. First, Parker says Defendants hired her at a rate of $55 per hour. Am. Compl. [10] ¶ 10. Second, she says she worked around 222 hours for which she received no pay, thereby causing her $12,258.95 in damages. *Id.* ¶ 38.[2] These well-pleaded facts are considered admitted due to Defendants'

---

[1] In an earlier opinion, the *Wooten* court concluded that the plaintiff's testimony could not "properly be considered part of the pleadings" for purposes of a motion for default judgment. *Wooten v. McDonald Transit Assocs., Inc.*, 775 F.3d 689, 704 (5th Cir. 2015), *opinion withdrawn and superseded on reh'g by Wooten*, 788 F.3d 490.

[2] In her Amended Complaint, Parker says she was entitled to $12,258.35, but the Court's math and Parker's motion for default judgment arrive at a figure of $12,258.95.

default, and they state a claim for breach of contract. Parker is entitled to a default judgment of $12,258.95 on that claim.

III.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Parker's motion for default judgment is granted in part as to the breach-of-contract claim. It is denied as to the FLSA claim, but the Court will allow Parker to seek leave to amend if she wishes to pursue that claim. Parker may file a properly supported motion to amend within 14 days of the entry of this Order. If she fails to so move, the Court will conclude she does not wish to pursue her FLSA claim further and enter a final judgment terminating this case.

**SO ORDERED AND ADJUDGED** this the 19th day of January, 2024.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE
